### No. 912
### HIRSHBERGER v. SINNING et

Ohio Appeals, 6th Dist., Sandusky Co.

No. 161.   Decided Oct. 8, 1925

941. PRACTICE AND PROCEDURE— Where court has ruled out a certain line of testimony as being incompetent, duty of counsel to except to the ruling and proceed along other lines.

WILLIAMS, J.

Rose Hirshberger brought suit in the Sandusky Common Pleas against C. A. Sinning and P. J. Hasselbach, to recover upon an alleged contract to purchase back 30 shares of preferred stock of the International Note & Mortgage Co. for $3000, which was the same price she paid for it in purchasing it from the R. L. Dollings Co. through Sinning and Hasselbach as its agents. Sinnings and Hasselbach denied that there existed any such contract to buy back the stock. Upon trial to a jury, a general verdict was returned in favor of the defendants, and judgment entered thereon.

Error was prosecuted by Hirshberger and she contended that four principal grounds of error existed. First, that the court erred in admission and rejection of evidence and in making prejudicial statements in ruling thereon; second, it erred in giving and refusing to give certain special requests; third, there was error in the general charge; and fourth, the verdict was manifestly against the weight of the evidence. The Court of Appeals held:

1. It is claimed that the objectionable conduct on part of the trial court reached its climax when counsel for Hirshberger asked a witness whether he was an owner of any Dolling Co. stocks or subsidiary company stocks and the objection was sustained whereupon the court remarked that this line of testimony having formerly been ruled incompetent, the persistance of counsel in attempting to obtain the same class of testimony was highly improper and unprofessional.

2. Had not the court cautioned counsel to refrain from the line of questioning theretofore indulged in and ruled out as incompetent, it might well be contended that the remarks of the court were prejudicial.

3. When the trial court rules out testimony which is incompetent, it is the duty of an attorney who feels aggrieved by the ruling to take an exception and proceed along other lines. The trial judge was wholly right in the position he took.

4. Sinning's special request No. 1 which was given is a follows: "I charge you that upon the evidence adduced, demand payment made of Hasselbach, and offer to return and transfer the stock to him upon such payment, if you find it was done, does not constitute a demand and offer to return to Sinning, nor does it bind Sinning in any way."

5. Whether or not there was sufficient evidence to show that there was any relation between Sinning and Hasselbach which would make the latter Sinning's authorized agent for the purpose of receiving demand of payment for the stock and offer to return same, is immaterial for the reason that where two issues arise under a single cause of action, and if either issue was decided by the jury in favor of the defendants, the jury was required to return a verdict in their favor. Smith v. Heidecker et, 3 Abs. 430.

Judgment affirmed.

Attorneys—John B. Stahl and Frank O'Farrell, Fremont for Hirshberger; Homer Metzgar, Clyde, and John J. Lehman and W. H. Mead, Fremont, for Sinning et.